White, J.
The first question in this case is, whether a conveyance made by a debtor, which is constructively fraudulent as to creditors, comes within the provisions- of the act *302 of February -L2, 1863, amending section 17 of the act of April 6, 1859, entitled, “an act regulating the mode of administering assignments in trust for the benefit of creditors.”
The original section provided that all transfers, conveyances or assignments made with intent to hinder, delay or defraud creditors, should inure to the equal benefit of all creditors, in proportion to the amounts of their respective claims, and required the probate judge, after such transfer, conveyance, or assignment should have been declared by a court of competent jurisdiction to have been made with the intent aforesaid, on application of a creditor, to appoint an assignee, according to the provisions of the act, who, upon being duly qualified, was required to proceed, by due course of law, to recover possession of all property so transferred, conveyed or assigned, and to administer the same as in other cases of assignments to trustees for the benefit of creditors. S. & C. Stat. 713.
In Thomas v. Talmadge, (16 Ohio St. 437,) referring to the act regulating the mode of administering assignments, it was said :
“Under this act assignments in trust may be divided into three classes : First: Such as profess to be for the equal benefit of all the creditors, and where the terms of the assignment are such as to effect this object. Second : Such as are made in contemplation of insolvency, with intent to prefer one or more creditors. Third: All transfers and conveyances made with intent to defraud creditors, though no trust for the benefit of creditors may be designed or declared in making the transfer or conveyance.
“Those of the first class harmonize with the provisions of the statute, and, if carried out in good faith, will necessarily effect a pro rata distribution of thé assets among all the creditors. In the second class, the sixteenth section of the act defeats the preference sought to be created, and gives to the assignment the same legal operation as if its terms had been made in conformity with the first class. In cases falling within the third class, the seventeenth section, with *303 out respect to the intention of the parties, fastens a trust upon the property, and provides that the transfer or conveyance shall inure, not to the fraudulent grantee or assignee, but to the equal benefit of all creditors, in proportion to their respective claims.”
The amendatory section is as follows: “ All transfers, conveyances, or assignments made with intent to hinder, delay or defraud creditors, shall be declared void at the suit of any creditor; and the probate judge of the proper county, after any such transfer, conveyance or assignment shall have been declared by a court of competent jurisdiction to have been made with the intent aforesaid, shall, on the application of any creditor, appoint an assignee, according to the provisions of this act, who, upon being duly qualified, shall proceed, by due course of law, to recover possession of all property so transferred, conveyed or assigned, and to administer the same as in other cases of assignment to trustees for the benefit of creditors; provided, however, that any creditor instituting a suit for the purpose aforesaid, shall cause notice of the pendency and object thereof to be published for at least four consecutive weeks in some newspaper printed, or of general circulation, in the county in which said suit shall be pending ; and all creditors who shall, within fifteen days next after the expiration of said notice, file an answer in said action, in the nature of a cross-petition, praying to be made parties thereto, and setting forth the nature and amount of their respective claims, and shall secure the payment of their pro rata share of the costs and expenses of such action, including reasonable counsel fees, in proportion to the amount of their said claims, either by a deposit of money, or by an undertaking given to the plaintiff in such sum and with such security as the court or clerk thereof shall require and approve, shall be first entitled, with the plaintiff, to the benefits of such transfer, conveyance or assignment, in proportion to the amounts of their respective claims; and after the costs and expenses aforesaid, and the claims of the aforesaid creditors shall have been paid by such assignee, the residue in his hands, if any, *304 shall inure to the equal benefit of the remaining creditors, in proportion to the amount of their claims.”
The original and amended sections were enacted in puisuance of the same general policy. By the original section the conveyance was made to inure to the equal benefit of all creditors. The only change effected by the amendatory section is to give to those instituting the suit, and such other creditors as become parties, a preference over the other creditors. But before such preference can be obtained, the-opportunity must be presented to all the creditors, of becoming parties, by giving them the required notice of the pendency aud object of the suit. It is true, the language of the proviso requiring the notice to be given seems to be imperative; but the obvious meaning is, that the notice is to be given in order to obtain the preference for which the-act provides, and that the only effect of not giving the notice is to leave the fund that may be recovered, to be administered as in other cases of assignments in trust for the-benefit of creditors.
The section, in terms, applies to all conveyances made with intent to hinder, delay or defraud creditors. The question raised by the record is, whether, in order to bring' a case within the operation of the section, the conveyance-must have been made with an actual intent to defraud.
The operation of the section is, in our opinion, as comprehensive as the power of the court to set aside conveyances, on the ground of their being made in fraud of the rights of creditors.
Parties are presumed to intend the natural consequences' of their own acts; and to the extent that a conveyance is found to work a fraud, to that extent is fraud presumed to-have been intended. If the intent exists, it is immaterial, under the statute, whether its existence is proved by evidence directly, or is to be inferred, as a matter of law, from the nature of the transaction.
The original decree in this case was rendered upon the principle recognized in equity, that when a conveyance is set aside as only constructively fraudulent, it is upheld in *305 favor of one not guilty of any actual fraud, to the extent of the actual consideration, and is vacated only as to the excess. In the application of this principle the grantee may be decreed to be, as to such excess, a trustee for creditors. 1 Am. Lead. Cases, 49.
The object of the statute is to make all property con veyed in fraud of creditors subject to the payment of their just demands, upon the principle of equality, provided they take upon themselves, in the mode prescribed, equality of burden for its recovery.
The remaining question is, whether the right to a preference, for which the statute provides, in the distribution of the funds realized by the suit, has been lost by the failure to give the notice which the statute requires, of the pendency and object of the suit. We think a fair construction of the statute requires this question to be answered in the affirmative. The rights of the parties become fixed by the decree which finally determines the fraudulent character of the conveyance. Where an assignee has been appointed, as was done in this case, he, as the representative of the creditors, becomes entitled to the fund, and it is made his duty “ to administer the same as in other cases of assignments to trustees for the benefit of creditors.” If no assignee should be appointed, it would be competent for the court having jurisdiction of the funds and of the parties to direct the execution of the trust, and order distribution, as was held under the original section. Oonrad v. Pancost, 11 Ohio St. 685. But after the suit has been prosecuted to a successful result, it seems to us it is too late for a party to gain the statutory preference over other creditors by publishing the notice.
But where such notice has not been given, the court, before ordering the funds to be paid over to the assignee appointed under the act, will provide for the payment of the costs and expenses of the creditor in prosecuting the suit by which the fund was obtained.
The order of the district court distributing the fund and *306 dismissing the cross-petition of the assignee, is reversed, and the cause remanded.
Welch, C. J., and Day, McIlvaine and West, JJ., concurred.